

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

March 26, 1958

Mr. William A. Harrison
Commissioner of Insurance
International Life Bldg.
Austin, Texas

Opinion No. WW-397

Re:  Whether a corporation which
does not meet the requirements
of Article 1513a, V.C.S., may
continue to act as an attorney-
in-fact for a reciprocal or
inter-insurance exchange under
the provisions of Chapter 19,
Texas Insurance Code.

Dear Mr. Harrison:

You have requested our opinion in answer to five ques-
tions concerning the licensing of corporations to act as agent
for a reciprocal or inter-insurance exchange. Your first ques-
tion is as follows:

"Immediately prior to the enactment of Arti-
cle 1513a, V.C.S., was the Board of Insurance Com-
missioners authorized by law to license a corpora-
tion organised under the laws of this State to act
as an attorney-in-fact for the subscribers at a
reciprocal or inter-insurance exchange?"

Prior to the enactment of Article 1513a, Vernon's Civil
Statutes, there was no provision under the law governing corpora-
tions in Texas which would permit the creation of a domestic
corporation or the issuance of a permit to a foreign corporation
for the purpose of acting as an attorney-in-fact for the sub-
scribers of a reciprocal or inter-insurance exchange. It has
been a well established rule of law in Texas that, prior to the
enactment of the Texas Business Corporation Act, which became
effective in 1955, no domestic corporation in Texas could be
created, and no foreign corporation could obtain a permit for a
purpose not authorized by statute. Prior to the enactment of
Article 1513a there was no statutory provision authorizing a
corporation to be formed for the purpose of acting as agent or
attorney-in-fact for a reciprocal or inter-insurance exchange.

However, sub-division 49, Article 1302, and Article
1303b, Vernon's Civil Statutes, did provide that corporations
might be created "to act as trustee under any lawful express

trust committed to them by contract, and _as agent for the performance of any lawful act_,* and thereafter various domestic corporations were sought to be created, and foreign corporations sought to obtain permits to act as general agents for various insurance companies, including reciprocal or inter-insurance exchanges by the use of the purpose clause above set forth.   This department has held, commencing with an opinion by Honorable William McCraw dated September 22, 1938, addressed to Mr. George Van Fleet, Actuary for the Board of Insurance Commissioners, and in subsequent opinions by Honorable Gerald C. Mann, being Opinion No. O-3250, dated May 14, 1941, addressed to Honorable Marvin Hall, Fire Insurance Commissioner, by Honorable Grover Sellers, being Opinion No. O-7302, dated August 9, 1946, addressed to Honorable Marvin Hall, Fire Insurance Commissioner, that corporations so formed could not act as agents for various types of insurers, including reciprocal or inter-insurance exchanges, for the reason, among others, that such corporations are subject to the provisions of Section 1, Article 1524a, V.C.S., which provides that corporations having the purposes above described cannot "carry on the business of another."

Article 1524a, V.C.S., was not repealed by the passage of the Texas Business Corporation Act (Article 9.15B), and, in addition, Article 2.01B(4)(d) of the Business Corporation Act provides that no corporation may adopt, or be organized, or obtain authority to transact business in Texas under the act if any one or more of its purposes is to operate as "corporate attorneys-in-fact for  reciprocal or inter-insurance exchanges. "

Chapter 388, Acts 55th Leg., R.S., 1957, p. 1162 (codified as Article 1513a, Vernon's Civil Statutes) provided that trust companies may be created, and any corporation however created may amend its charter, or a foreign corporation may obtain a certificate of authority to do business in Texas for the following purpose, ". . . to act as attorney-in-fact for a reciprocal or inter-insurance exchange." Sec. 5, Art. 1513a, provides that such corporation must have a fully paid in capital of $500,000.00.

It is the opinion of this office that prior to the enactment of Article 1513a, Vernon's Civil Statutes, since no domestic corporation could be created nor a permit be issued to a foreign corporation for the purpose of acting as agent or attorney-in-fact for a reciprocal or inter-insurance exchange, the Board of Insurance Commissioners was without power or authority to issue a license to such corporations for the purpose of acting in that capacity, and the answer to your first question is therefore "no".

---

* Emphases throughout are supplied.

Your second question is as follows:

"Immediately prior to the enactment of Article 1513a, V.C.S., was the Board of Insurance Commissioners authorized by law to license a reciprocal or inter-insurance exchange and its attorney-in-fact if the attorney-in-fact was a foreign corporation?"

It is also a well settled rule of law in Texas that a foreign corporation is restricted to the purposes and powers which may be exercised lawfully by corporations chartered under the laws of Texas, and the rule of comity would not permit a foreign corporation to obtain a permit to do business in Texas for a purpose not authorized or exercise powers which·could not be lawfully exercised under the laws of Texas, even though the purpose for which such corporation was formed and the powers sought to be exercised thereunder were lawful in the State where the foreign corporation was chartered. Western Service Co. v. Meharg, Secretary of State, 116 Tex. 193, 197, 288 S.W. 141 (1926); 11-A, Tex. Jur., Section 744, p. 178.

Since the Secretary of State ·was not authorized ·under the laws of Texas to issue a permit to a foreign·corporation to act as agent or attorney-in-fact for a reciprocal or inter-insurance exchange prior to the enactment of Article 1513a, V.C.S., the Board of Insurance Commissioners was without authority to issue a license to such corporation to act in that capacity, and the answer to your second question is "no".

Your third and fifth questions are as follows:

"If your answer to either of the first two questions is in the negative, may the present State Board of Insurance continue to license such reciprocal or inter-insurance exchange with a corporate attorney-in-fact if the corporate attorney-in-fact does not meet the requirements of Article 1513a?"

"May a reciprocal or inter-insurance exchange now be admitted and licensed to do business in this State when its attorney-in-fact is a foreign corporation which does not meet the requirements of Article 1513a, V.C.S.?"

Your third and fifth questions have been considered and will be answered together. Since it is our opinion that prior to the enactment of Article 1513a, V.C.S., the Secretary of State was without authority to issue a charter to a domestic

corporation or grant a permit to a foreign corporation for the purpose of acting as agent or attorney-in-fact for a reciprocal or inter-insurance exchange, any license heretofore granted by you or your predecessor Boards of Insurance Commissioners to such corporation was without legal authority.  However, where a domestic corporation has amended its charter, or a foreign corporation has received a certificate of authority under the provisions of Section 2, Article 1513a, from the Secretary of State which authorizes such corporation to act as attorney-in-fact for a reciprocal or inter-insurance exchange, you would have the legal authority to issue a license to such corporation to act as attorney-in-fact for a reciprocal or inter-insurance exchange, provided such attorney-in-fact for the reciprocal or inter-insurance exchange has fully complied with the provisions of the Insurance Code, and particularly the provisions of Chapter 19 thereof.  If such domestic or foreign corporation does not meet the requirements of Article 1513a, V.C.S., the Secretary of State would be without authority to either grant or amend a charter of a domestic corporation or issue a certificate of authority to a foreign corporation thereunder, and hence you would be without authority to issue a license to such corporation since it would be doing business in Texas in violation of law.

Your fourth question is predicated upon an affirmative answer to either questions 1 or 2, and since both of these questions have been answered in the negative no discussion thereof is deemed necessary.

## SUMMARY

Prior to the enactment of Article 1513a, V.C.S., no domestic corporation could be chartered, and no foreign corporation could receive a permit to act as agent or attorney-in-fact for reciprocal or inter-insurance exchanges.  The Commissioner of Insurance may legally issue a license to act as attorney-in-fact for a reciprocal or inter-insurance exchange to any domestic or foreign corporation which has been qualified by the Secretary of State under the provisions of Section 2, Article 1513a, V.C.S.

Yours very truly,

WILL WILSON
Attorney General of Texas

By C. K. Richards

C. K. Richards
Assistant

CKR:wb

APPROVED:

OPINION COMMITTEE

Geo. P. Blackburn, Chairman
Wallace Finfrock
Morgan Nesbitt
Richard B. Stone

REVIEWED FOR THE ATTORNEY GENERAL

BY:  W. V. Geppert